## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRANDON PATRICK HAGOPIAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16–cv–0602–JPG** |
| | ) | |
| **MADISON COUNTY JAIL,** | ) | |
| **MADISON COUNTY JAIL STAFF,** | ) | |
| **CAPTAIN JOSEPH,** | ) | |
| **DR. BLANKENSHIP,** | ) | |
| **CAPTAIN BOST,** | ) | |
| **JOHN LAKIN,** | ) | |
| **NURSE RUSHING,** | ) | |
| **NURSE BASSETT,** | ) | |
| **NURSE KOTZAMANIS, and** | ) | |
| **AARON OMOTOLA** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Brandon Patrick Hagopian, an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages and injunctive relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune
from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this Complaint are subject to dismissal.

## The Complaint

Plaintiff slipped on water while exiting the shower, causing his foot to slide under the bars on December 29, 2015.  (Doc. 1, p. 5).  While this caused his foot to break, Plaintiff alleges that he was denied medical attention until January 26, 2016.  (Doc. 1, p. 5).  Plaintiff submitted a sick call slip dated December 30, 2015 for a slip and fall in the shower, for which he requested

an ice pack.  (Doc. 1-2, p. 20).    That slip is signed by "A."  (Doc. 1-2, p. 20).    Plaintiff submitted a Madison County Jail medical record dated January 26, 2016 prescribing him Motrin and ordering an x-ray of his foot.  (Doc. 1-2, p. 8).  The record also reports that Plaintiff slipped on January 25, 2016.  (Doc. 1-2, p. 8).  Plaintiff was sent out of the jail to Alton Orthopedic Clinic, and saw Janeice Stewart, M.D. on February 1, 2016.  (Doc. 1-2, p. 4).  She diagnosed a nondisplaced fracture of the base of the fifth metatarsal.  (Doc. 1-2, p. 4).  She recommended post-op shoes to help with ambulation, OTC pain medication, and ice.  (Doc. 1-2, p. 4).  Stewart scheduled a follow-up for four weeks.  (Doc. 1-2, p. 4).

Stewart saw Plaintiff again on February 23, 2016, at which time she noted delayed healing.  (Doc. 1-2, p. 2).  At that point she recommended a bone stimulator or surgery, but also noted that neither option may be feasible while Plaintiff remained incarcerated.  (Doc. 1-2, p. 2).  Plaintiff alleges that Captain Joseph, along with the medical staff at the Madison County Jail made the decision to deny Plaintiff both of those procedures.  (Doc. 1, p. 5).  Stewart followed up with Plaintiff on March 24, 2016.  She again presented bone stimulation and surgery as options.  Stewart also discussed the treatment options with Nurse Marty, a nurse at the Madison County Jail infirmary.  (Doc. 1, p. 3). Plaintiff submitted medical records signed by "AR," which consider the possibility of acquiring a bone stimulator.  (Doc. 1-2, p. 7).

It appears that the jail seriously considered the surgery route, as Plaintiff's next appointment was with Dr. Aaron Omotola, an orthopedic surgeon.  (Doc. 1-2, p. 6).  Omotola examined Plaintiff on April 1, 2016.   (Doc. 1-2, p. 6).   He recommended conservative management of Plaintiff's condition, including hard-soled shoes and a normal diet.  (Doc. 1-2, p. 6). He did not recommend surgery.  (Doc. 1-2, p. 6).

Plaintiff continued to file nurse sick call slips throughout the relevant time period, which were usually signed by "A" and sometimes "LB" or "BK."  (Doc. 1-2, p. 27-30).  Plaintiff also submitted grievances to Captain Bost and Joseph regarding his foot.  (Doc. 1-3).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The following claims survive threshold review:

**Count 1 – Deliberate indifference claim in violation of the Eighth Amendment against Defendant Joseph and John Doe medical Defendant for refusing to authorize either the use of a bone stimulator or surgery.**

**Count 2 – Deliberate indifference claim in violation of the Eighth Amendment against Jane Doe A for refusing to get Plaintiff medical attention on December 30, 2015 for his broken foot.**

The following claim does not survive threshold review and will be dismissed.

**Count 3 – Deliberate indifference claim against Dr. Omotola for refusing to recommend surgery to treat Plaintiff's foot.**

Additionally, as discussed more in depth below, Plaintiff's pleadings are woefully inadequate as to various Defendants, and those Defendants are entitled to dismissals without prejudice.

Plaintiff's claims generally allege that his broken foot was not adequately treated.  While Plaintiff has not explicitly said, his incarceration in the jail may mean that he is a pre-trial detainee.  The Eighth Amendment protects pre-trial detainees from deliberate indifference to their serious medical needs. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 (7th Cir. 1996) (collecting cases).  Jail officials violate the Eighth Amendment's proscription against

"cruel and unusual punishments" if they display deliberate indifference to an inmate's serious medical needs. *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted)). *Accord Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) ("Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution.").

To prevail, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The first prong that must be satisfied is whether the prisoner has shown he has an objectively serious medical need. *Arnett*, 658 F.3d at 750. Only if the objective prong is satisfied is it necessary to analyze the second, subjective prong, which focuses on whether a defendant's state of mind was sufficiently culpable. *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005).

"A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); see also *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Perkins v. Johnston*, 431 F. Supp. 2d 898, 901-02 (N.D. Ind. 2006).

Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only

requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898.

At this stage, **Count 1** survives threshold review. Plaintiff has alleged that both Capt. Joseph and a John Doe medical provider denied him authorization to receive either bone stimulation or surgery in response to his broken foot. Taking the facts in the light most favorable to Plaintiff, he has stated a claim. The Court will therefore order service on those Defendants.

**Count 2** against Jane Doe A also survives, as Plaintiff has alleged that her actions lead to a delay of nearly a month in securing an x-ray for his foot. Delays are actionable under § 1983, and so this claim will survive threshold review.

**Count 3** against Dr. Omotola must be dismissed with prejudice. A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Whether or not either of the defendants, as private physicians, can be considered a "state actor" is a key factor in determining whether Plaintiff can maintain a deliberate indifference claim against him. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-30 (7th Cir. 2009).

Here, Plaintiff has not alleged that Omotola was a state actor. In fact, documents submitted by Plaintiff show that Omotola was employed by the Alton Orthopedic Clinic.

Plaintiff has also not alleged that Omotola was somehow "clothed in the authority of state law." Therefore, Omotola is not a proper defendant in a § 1983 suit.

And even if he was, Plaintiff's claims against him would fail. Omotola is a doctor. He gave a medical opinion that Plaintiff did not require surgery, and Plaintiff disagrees. This is not deliberate indifference. Plaintiff's disagreement with Omotola's exercise of his medical judgment does not create a § 1983 claim, and there is no allegation that Omotola ignored or disregarded Plaintiff's symptoms. For both these reasons, Plaintiff's claim against Omotola will be dismissed with prejudice.

Plaintiff's pleadings are also woefully inadequate as the various Defendants. Plaintiff has listed the Madison County Jail as a defendant in the case caption. The Court notes that under Federal Rule of Civil Procedure 17(b), a defendant named in a law-suit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2s 720, 723 (Ill.App.1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill.1992); *see West By and Through Norris v. Waymire,* 114 F.3d 646, 646–47 (7th Cir.1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and

individual legal entity. ILL. CONST. art. VII, § 1.  Therefore the Madison County Jail will be dismissed with prejudice as a Defendant.

Plaintiff has also listed Madison County Jail Staff as a Defendant generally.  This is not sufficient under the standards in *Iqbal* and *Twombly*.  Plaintiff has not articulated claims against the staff within the body of his Complaint.  Even if Plaintiff does not know the names of certain Defendants, he must at the very least describe the claims against them.  Plaintiff cannot include a "catch-all" Defendant to protect claims that he might have brought.  Plaintiff may not be able to articulate the "who," but he must try to articulate the "what, where, when and how" of his claims, and block groups of defendants do not lend themselves to these kinds of allegations.

However, Plaintiff has alleged that a John Doe medical staff person refused to authorize the use of a bone stimulator and surgery.  That is sufficient to state a claim in **Count 1**, as discussed more fully above.  **Count 1** shall therefore be permitted to proceed against the John Doe medical staff person who made the decision not to allow Plaintiff to have a bone stimulator or surgery.  Plaintiff has also alleged that he complained about his foot for a month before he received medical treatment in **Count 2**.  Plaintiff has not alleged specifically who he complained to or described that person, but he did submit a sick call slip from the relevant time period that was signed "A."  Plaintiff has therefore (barely) stated a claim against Defendant Jane Doe A for deliberate indifference to Plaintiff's medical needs for the time period between December 29, 2015 and January 26, 2016.  If Plaintiff wishes to allege that others have mistreated him, he needs to fully describe the conduct against them.  The Clerk of Court is **DIRECTED** to dismiss Defendant "Madison County Jail Staff" and replace that Defendant with "John Doe" and "Jane Doe A."

Plaintiff's other named defendants suffer from similar problems.  Plaintiff's Complaint lists Dr. Blankenship, Capt. Bost, John Lakin, Nurse Major, Nurse Rushing, Nurse Bassett, and Nurse Kotzamanis as Defendants, but Plaintiff does not actually include any allegations against them.  The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  If Plaintiff believes that he has claims against one of the named Defendants, he must move to file an amended complaint that articulates the specific claims against that Defendant.

While it is clear from Plaintiff's exhibits that some of his listed Defendants participated in his medical care, participation is not sufficient to establish liability.  Plaintiff must articulate facts that make it plausible that an individual defendant committed deliberate indifference, not just that they were involved in his care.

Plaintiff has also submitted grievances that he sent to Capt. Bost. However, participation in the grievance process is not sufficient to state a claim, and all of the grievances Plaintiff submitted to the Court appear to have been answered. The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, Plaintiff has no claim against Bost, merely because he did not adequately respond to his grievances and complaints about the lack of treatment for his medical needs. Furthermore, if a prisoner is under the care of prison medical professionals, non-medical prison officials "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, even if Plaintiff had intended to state a claim against Bost because he sent him grievances, his claim would fail.

Finally, Plaintiff has included John Larkin, the Sheriff as a defendant. Like many of the other defendants, Plaintiff has failed to state a claim against him as he is only listed as part of the Complaint. The Court also notes that there is no respondeat superior in § 1983 claims. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually

liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Lakin is not an appropriate defendant in his individual capacity.  However, Plaintiff's request for relief does contain the statement that "I would like [illegible] fixed."  In an abundance of caution, the Court construes this as a request for injunctive relief, although the object of that relief will need to be clarified at a later time.  For that reason, Larkin shall remain a defendant in his official capacity only, for the purposes of injunctive relief.

## Disposition

IT IS ORDERED that Defendants Omotola and Madison County Jail are **DISMISSED with prejudice**.  **COUNT 3** is **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to terminate Defendant "Madison County Jail Staff," and replace it with "John Doe" and "Jane Doe A."  Defendants Blankenship, Bost, Major, Rushing, Bassett, and Kotzamanis are **DISMISSED without prejudice** for failure to state a claim.

IT IS ORDERED that the Clerk of Court shall prepare for Defendants Joseph and Larkin (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.   Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.   This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.   Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.   Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.   Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 4, 2016**

<u>*s/J. Phil Gilbert*</u>
**U.S. District Judge**