IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRANDON PATRICK HAGOPIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-602-JPG-DGW |
| | ) | |
| CAPTAIN JOSEPH, JOHN LAKIN, JOHN | ) | |
| DOE, and JANE DOE A, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment filed by Defendants, Captain Joseph and John Lakin, on October 10, 2016 (Doc. 22). For the reasons set forth below, it is **RECOMMENDED** that the Motion (to Dismiss) be **DENIED**, that the alternative Motion (for Summary Judgment) be **DENIED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff was an inmate at the Madison County Jail in 2015 and 2016. Plaintiff alleged that on December 29, 2015, he injured his foot and sought medical care. He alleges that the medical care provided at the jail was inadequate particularly because treatment was delayed and certain recommended medical procedures were not authorized. Plaintiff is proceeding on two counts:

Count 1 – Deliberate indifference claim in violation of the Eighth Amendment against Defendant Joseph and John Doe medical Defendant for refusing to authorize either the use of a bone stimulator or surgery.

Count 2 – Deliberate indifference claim in violation of the Eighth Amendment against Jane Doe A for refusing to get Plaintiff medical attention on December 30, 2015 for his broken foot.

(Doc. 10).

Defendants seek judgment on these deliberate indifference claims and have attached the affidavit of Dr. Robert Blankenship, who was the Medical Director at the Madison County Jail during the relevant time period (Doc. 22-1).  In his affidavit, Dr. Blankenship outlines the care that Plaintiff received: he notes the broken foot (which may have occurred around December 30, 2015 but which was not diagnosed until January 26, 2016 because Plaintiff refused medical care), the referral to two outside specialists (Dr. Janice Stewart and Dr. Aaron Omotola, who initially evaluated Plaintiff on February 1, 2016 and April 1, 2016, respectively), and that the Jail followed the suggestions of those specialists (which did not include the treatments that Plaintiff set forth in his Complaint, namely bone stimulation or surgery).  Dr. Blankenship also states that Plaintiff was prescribed a pain reliever during this time period and that he refused said medication for a two week period in April and May, 2016.  Finally, Dr. Blankenship indicates that Plaintiff's fracture would take 6 months to heal (according to Dr. Omotola) and that Plaintiff was non-compliant with the medical shoe prescribed by Dr. Omotola.

On October 19, 2016, this Court informed Plaintiff that it would consider the affidavit of Dr. Blankenship and construe the motion as one for summary judgment.  Plaintiff was informed of the requirements of Federal Rule of Civil Procedure 56 and directed to file a response on November 21, 2016 (Doc. 23).  Since that time, Plaintiff has filed a flurry of Motions which demonstrate that he is not capable of litigating this matter is a particularly coherent or efficient

manner.   As such, counsel was appointed on December 13, 2016 (Doc. 46).

CONCLUSIONS OF LAW

Defendants filed their motion to dismiss pursuant to Rule 12(b)(6); however, Defendants attached the affidavit of Dr. Blankenship in support of their motion and ask the Court to convert their 12(b)(b) motion into a motion for summary judgment under Rule 56.   Importantly, when a party attaches a document to a motion to dismiss, Rule 12(d) prescribes that the court must either convert the 12(b)(6) motion into a motion for summary judgment, or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12.   *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also* FED. R. CIV. P. 12(d).   However, a court may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment if they are referred to in the plaintiff's complaint and if they are central to the plaintiff's claim.   *Levenstein*, 164 F.3d at 647 (quoting *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994)).   This narrow exception is "aimed at cases interpreting, for example, a contract" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.   *Id.*   The district court ultimately has discretion in determining whether to convert a motion to dismiss into a motion for summary judgment. *Levenstein*, 164 F.3d at 347 (citing *Venture Associations Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

It is apparent that the affidavit of Dr. Blankenship submitted by Defendants does not fit the narrow exception articulated by the Seventh Circuit as it was not referred to in Plaintiff's complaint.   As such, this Court would need to exercise its discretion and convert Defendants' motion into a motion for summary judgment, pursuant to Rule 12(d), in order to consider the attached affidavit.   While the motion is captioned in the alternative, it is clear the Defendants are

in fact only seeking judgment; the motion should accordingly be converted.   It is **RECOMMENDED**, however, that the motion be **DENIED WITHOUT PREJUDICE.** Allowing Defendants to proceed on a motion for summary judgment at this juncture is premature because Plaintiff has not had the opportunity to engage in discovery to provide support for his allegations.   Plaintiff recently has been appointed counsel and analysis of this matter would benefit from a full and complete record.

In the alternative, in the event that the Court does not elect to convert the motion into one for summary judgment, the motion to dismiss should likewise be **DENIED**, although with prejudice.   The standard used to address a motion made pursuant to Rule 12(b)(6) to dismiss a complaint is the same standard used by the Court in screening a *pro se* complaint pursuant to 28 U.S.C. § 1915A.   *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).   The Court previously screened Plaintiff's complaint and determined he had stated a claim for deliberate indifference against Defendants, finding that Plaintiff had passed the threshold review on Counts One and Two under the standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (*see* Doc. 10).   As the Court has already conducted a thorough review of Plaintiff's complaint, the Court need not engage in yet another analysis using the same standards already considered.   Such an endeavor would be a waste of judicial resources.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion be converted into one seeking summary judgment and **DENIED WITHOUT PREJUDICE** (or, in the alternative that the Motion to Dismiss be **DENIED**), and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen

(14) days after service of this Report and Recommendation to file written objection thereto.   The

failure to file a timely objection may result in the waiver of the right to challenge this Report and

Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir.

2003).

**DATED: December 14, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**