| | |
|---|---|
| **BRANDON PATRICK HAGOPIAN,** | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 3:16-CV-00602-JPG-DGW |
| **CAPTAIN DAVID JOSEPH, JOHN LAKIN, C/O KYLE SHREIBER, C/O NICK, C/O JODY COLLMAN, DR. BLANKENSHIP, CAPTAIN GARY BOST, NURSE MAJOR, NURSE RUSHING,** | ) |
| *Defendants*. | ) |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

Now pending before the Court is the Join Motion for Protective Order (Doc 80). Good cause having been shown, the motion is **GRANTED**.

    **1.**    **The Intent of the Parties:** The parties wish to exchange documents that contain confidential and private information, including non-party pretrial detainee information and jail security information in the course of this lawsuit without frequent resort to the Court.

    **2.**    **Use of Material for Use in Action Only:** This Stipulation and Order shall govern the production, use and handling of all documents and testimony, including without limitation interrogatory answers, responses to requests for production of documents, responses to requests for admissions, affidavits or other filings, briefs, memoranda of law, summaries, exhibits, transcripts, recordings, excerpts and notes prepared for, derived from, referring to or incorporating information contained in any of these materials (collectively, the "Material") produced during discovery or any other phase of this action. All Material produced in the course of this action shall be used by the receiving party <u>solely</u> for the purpose of this action and there shall be no use of Material by the receiving party for any other purpose whatsoever.

3. **Designation of "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" Material:** Each party shall have the right to designate (such designation to be a "Designation" or such action to "Designate") Material it produces which, in good faith, it believes to be confidential or proprietary information, as "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" ("Confidential Information"), including but not limited to non-party pretrial detainee information and jail security information.

4. **Definitions of "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" Material:** The disclosing party must specify that any Confidential Information is either "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only." The Confidential Information shall be handled according to such specification as described below. Confidential Information preferably will be Designated by stamping it with the appropriate legend, either "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" at the time of its production. However, counsel may Designate Confidential Information as follows:

   a. If Designated orally or by any other means at or before the time of production, the Designation must be confirmed within twenty (20) business days after the time of production in a writing identifying the Confidential Information by a number or other clear identifier and offering to stamp the legend thereon at a mutually agreed time or to otherwise affix the legend in a mutually agreed manner.

   b. Any Designation of deposition testimony preferably should be made at the time of the giving of the testimony, but no later than twenty-one (21) days after receipt of the transcript by the Designating party. If made at the time of giving of the testimony, the reporter shall separately transcribe the Designated testimony and mark the face of each separate transcript

accordingly.  Testimony about any previously Designated Material shall be deemed to be so without further Designation.  If a post-deposition Designation is made, the party making the later Designation shall be responsible for advising the reporter and all parties of the Designation and arranging for the return of all transcripts to the reporter for correction.  The reporter shall certify that the corrected transcript is in all respects the same as the original except for the revised Designation.  All expenses associated with the reporter's belated Designation efforts shall be borne by the party making the belated Designation.

c. At any deposition session, where appropriate, counsel for a party may temporarily Designate ("Temporary Designation") as "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" the entire deposition transcript and all information contained therein.  Thereafter, any transcript and/or information subject to a Temporary Designation shall be deemed as required by such designation "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" until twenty-one (21) days after receipt of a copy of the transcript by the Designating party.  During that period, the party desiring to maintain confidentiality must Designate in writing those portions of the transcript, and only those portions will thereafter be handled and marked in accordance with the provisions of this Stipulated Protective Order.  The party making the Temporary Designation shall be responsible for advising the reporter and all parties of any Designations and arranging for the return of all transcripts to the reporter for correction.  The reporter shall certify that the corrected transcript is in all respects the

same as the original except for the revised Designations. All expenses associated with the reporter's belated Designation efforts shall be borne by the party making the belated Designation.

5. **<u>Disclosures of Confidential Material</u>:** Confidential Information which has been Designated by the disclosing party as "CONFIDENTIAL" shall not be disclosed or made available by the receiving party to any person other than:

   a. The Court in this action and personnel thereof, as well as jurors;

   b. The receiving party's litigation counsel of record, and clerical, paralegal and secretarial staff employed by such litigation counsel who are engaged in assisting such attorneys in the prosecution or defense of this action;

   c. Court reporters during the course of depositions;

   d. Testifying and non-testifying experts and any non-technical trial consultants;

   e. Any mediator agreed to by the parties;

   f. Graphics or design services retained by counsel of record for the purpose of preparing demonstrative or other exhibits;

   g. The Party Representatives;

   h. Witnesses in this action who are the author, addressee or identified recipient of the Confidential Information;

   i. Any insurance carrier of Defendants and all agents, adjusters, officials, officers and managerial employees thereof;

   j. Any individual not listed herein, but agreed to by the parties; and

   k. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use same

for the sole purpose of pursuing this litigation and shall not disclose such confidential documents, the contents of said documents, or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

6. **<u>Disclosures of "CONFIDENTIAL - Attorneys' Eyes Only" Material</u>:** Any Confidential Information that a party believes should not be disclosed to the other party shall be Designated by the disclosing party as for "CONFIDENTIAL - Attorneys' Eyes Only" ("CONFIDENTIAL - Attorneys' Eyes Only Material"). The parties agree that surveillance footage or video of the Madison County Jail is highly confidential and appropriately characterized as Attorneys' Eyes Only Material. The receiving party's counsel shall treat Attorneys' Eyes Only Material as strictly confidential. Attorneys' Eyes Only Material shall not be disclosed or made available by the receiving party to any person other than:

   a. The Court in this action and personnel thereof, as well as jurors;

   b. The receiving party's litigation counsel of record, and clerical, paralegal and secretarial staff employed by such litigation counsel who are engaged in assisting such attorneys in the prosecution or defense of this action;

   c. Court reporters during the course of depositions;

   d. The Party Representatives; and

   e. Any expert or consultant who is expressly retained to assist in conducting this litigation, provided that such designated person is provided a copy the Protective Order and agrees to be bound by its terms.

7. **<u>Consultation with Designated Party Representative</u>:** Notwithstanding the above, counsel may discuss general subject matter areas of Confidential or Attorneys' Eyes Only

Materials, without providing the specific Confidential Information or Attorneys' Eyes Only Materials itself, with a Party Representative solely for the purposes of this action.

8. **Disclosure to Third Parties:** Nothing contained herein shall prevent a party from confidentially disclosing to an independent third party its own Confidential Information, despite such party having previously Designated such Confidential Information, without waiving that prior Designation.

9. **Use of Materials for Litigation Only:** All Material produced by any party, or otherwise subject to this Stipulation and Order, shall be used solely for the immediate necessities of this litigation, and shall not be used by the receiving party for any other purpose whatsoever.

10. **Sealing of Materials for Use in Filings:** Confidential Information filed with the Court shall be filed and maintained under seal by the Court **only with prior Court approval**. Documents that are filed under seal (which prior Court approval) shall be filed consist with Court Rules.

11. **Use of Materials in Court Hearings or Trial:** Prior to any use of Confidential Information at trial or any other Court proceeding, counsel for the parties shall consult with each other and the Court as to the appropriate handling of Materials at the trial or other proceeding.

12. **Protective Order Can Be Modified:** Any paragraph, provision or procedure set forth in this Order may be amended or modified by the Court upon motion after notice to the opposing party.

13. **Objections to Designations of Materials:** If at any time a party objects to a Designation of Material, the objecting party shall notify the Designating party. The parties shall meet and confer in good faith in an attempt to resolve as expeditiously as practicable all disputes relating to the Designations. If the parties are unable to resolve the dispute, any party may apply

to the Court for a ruling. The Designated Material shall be maintained as Designated until the Court rules on the application.

14. **Designations Do Not Constitute an Admission of a Document's Status:** Nothing herein shall operate as an admission by any party that any particular Material contains Confidential Information. A party shall not be obligated to challenge the propriety of the Designation of any Material at the time such Designation is made; failure to do so shall not preclude a subsequent challenge. Further, a party's failure to challenge a Designation during pre-trial discovery shall not preclude a subsequent challenge of such Designation at trial, in other pre-trial proceedings or in connection with another proceeding. Nothing in this Order shall be deemed as a waiver by any party of its right to object on any grounds to the use of any Materials, or any portion thereof, at any pre-trial proceedings or hearings or the trial of this matter.

15. **Return of Materials:** At the conclusion of this action, inclusive of any appeals and/or proceedings for post-judgment relief, <u>all</u> Confidential Information produced herein and all copies thereof, and all documents or portions thereof containing information derived from Confidential Information and all copies of same, with the exception of any exhibits or transcripts which shall remain subject to this Stipulation and Order, shall be promptly returned by the receiving party to the producing party at their respective expense or, upon consent of the producing party, destroyed. The receiving party's counsel of record shall certify in writing within thirty (30) business days of the final termination of this action that such Confidential Information has been returned or destroyed. Notwithstanding the foregoing, trial counsel of record for the receiving party may retain for five (5) years an archive copy of the discovery for the purpose of resolving any future dispute which may arise out of a claim that a receiving party made use of Confidential Information for a purpose other than this litigation.

**16.     Inadvertent Production of Materials:**  The inadvertent production of any Confidential Information during discovery in this action shall be without prejudice to any claim that such Confidential Information is privileged or protected from discovery under the attorney-client privilege, work product doctrine or otherwise, and such inadvertent production shall not operate as a waiver of the right to assert such protection.  Notwithstanding the foregoing, a party shall have twenty (20) business days from the date of actual knowledge of the inadvertent disclosure to Designate the inadvertently disclosed Confidential Information and specify it as "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only."

**17.     Parties' Agreement to Be Bound:**  The parties agree to be bound by the provisions of this Stipulation pending the Court's entry of this Protective Order, as may be modified or amended by the Court.

**IT IS SO ORDERED.**

**DATED: January 2, 2018**

                                                                                                      **DONALD G. WILKERSON**
                                                                                                      **United States Magistrate Judge**